## J. WALTER THOMPSON COMPANY v. MINNEAPOLIS CEREAL COMPANY.[1]

June 23, 1916.

Nos. 19,728—(124).

**Variance.**

1. An objection that the complaint was not specific enough to allow proof of so-called "short rates" was properly overruled where it ap-

[1]Reported in 158 N. W. 424.

---

Note.—As to effect of variance between proof and the theory of the case as set forth in the complaint, see note in 50 L.R.A.(N.S.) 14. And as to admissibility in evidence of card index or loose leaf system of accounts, see note in L.R.A. 1915B, 634. As to admissibility in evidence of reports by agent or employee to employer to prove facts in issue, see notes in 18 L.R.A.(N.S.) 831, 25 L.R.A.(N.S.) 930, 47 L.R.A.(N.S.) 830.

peared that a bill of particulars had been furnished, fully disclosing these rates, so that defendant could not claim to have been misled by any variance between the pleading and tendered proof.

**Documentary evidence — checking sheets.**

2. Checking sheets, constituting the record which the parties stipulated should be kept of the business, properly verified by the clerks who made the entries thereon, were admissible in evidence.

**Evidence admissible.**

3. Plaintiff was the agent of defendant, authorized and directed to transact business with third parties. In this action, involving the business so transacted for defendant, it was not error to receive in evidence the correspondence and contracts between plaintiff and such third parties relating thereto.

Action in the district court for Hennepin county to recover a balance of $473.50 upon a contract. The answer alleged that plaintiff owed defendant the sum of $655.11 and prayed for judgment for that amount. The case was tried before Hale, J., who made findings and ordered judgment in favor of the plaintiff for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Eugene S. Bibb,* for appellant.

*Allen & Fletcher,* for respondent.

HOLT, J.

The business of plaintiff is that of an advertising agency. It entered into a contract with defendant to advertise its food product in the newspapers in different sections of the United States. The contract bears date February 2, 1912. Plaintiff was to procure the lowest rates for advertising from the different publishers; see that the advertisement was published; bill the net rates to defendant, after allowing all discounts; add thereto 15 per cent as the remuneration for plaintiff's service, the total amount of which defendant was to pay. After the contract was terminated, plaintiff claimed a balance due of $473.50, and brought this action to recover the same with the result that findings were made entitling plaintiff to the full amount. The appeal is from the order denying a new trial.

There are numerous assignments of error, but they are grouped under three heads in defendant's brief, and will be considered accordingly.

The stipulation of the parties shows that for $4,101.03 worth of advertising and commissions there is no dispute, and the same has been paid. The controversy relates to four items of the account, aggregating $473.50; and these arise from the fact that, to secure low rates, contracts were made with publishers for space to run until a certain quantity was exhausted, but if, for some reason, the advertisement was stopped before the quantity contracted for had been reached, then for the advertisement actually published, higher rates, called short rates, should be paid. The first contention of appellant is that the allegations of the complaint are too general to permit evidence in respect to these short rates. The complaint sets out the contract in full, alleges a performance by plaintiff, and that defendant became indebted to plaintiff therefor in a certain sum, which had been paid except the sum of $473.50. It appears that a fully itemized bill of particulars was demanded by and served upon defendant. This fully and adequate disclosed the short rates involved, and the claim therefor. Hence the court did not err in overruling the objection made to the sufficiency of the complaint. Defendant could not have been misled, and the ruling is authorized by section 7784, G. S. 1913.

Some of plaintiff's duties are thus stated in the contract: "We are to carefully check and verify the insertions of all advertising we place for you, and to furnish you upon request with copies of all periodicals containing your advertisements as the same may appear from time to time, and to note on our bills rendered to you for such advertising as it appears, the space occupied, the dates and number of insertions as well as the net price thereof; but it shall not be necessary for us to make further proof of publication of your advertising than above stated, nor to supply missing copies of publications containing your advertisements, unless so requested in writing addressed to our Chicago office within thirty days of publication dates that further proof of such publication is desired." Plaintiff provided its clerks with large checking sheets. As an issue of the paper or periodical containing defendant's advertisement was published, a copy thereof was mailed to the office of plaintiff, and the clerk, to whom was allotted the territory wherein the paper or periodical was located, examined the same to see that the advertisement was properly inserted, measured the space and entered the facts on his checking sheet,

and made the charge according to the contract price with the publisher. In proving its case plaintiff called the clerk in charge of each sheet and laid the proper foundation by showing that said clerk had personally examined each issue of the paper containing defendant's advertisement; had seen that it was in accordance with the contract under which it was published; measured it, and made an accurate entry thereof on the checking sheet. Defendant's objection to the introduction of these checking sheets in evidence was properly overruled, the entries thereon having been thus verified by the clerk who made them. The provision above set out from the contract between the parties countenances the proof offered. Moreover, the method used to prove the controverted fact of publication of defendant's advertisement seems to be the only available method in view of the whole situation. These sheets were the books which the parties agreed should be kept of their business.

The last contention is that the court erred in receiving, against defendant's objection, Exhibits 100 to 229. These exhibits were properly identified as the bills, contracts and correspondence between plaintiff and the publishers of defendant's advertisements. When it is remembered that plaintiff, in respect to these advertisements, was the agent of defendant, it is apparent that it was proper to show what was done in pursuance of that agency.

Plaintiff's office manager and supervisor of its accounts and records testified fully and at great length concerning the many items of the long account between these parties—the bill of particulars contains 29 pages. At the conclusion of his testimony this question was asked: "What is the total amount now owing by the defendant to the plaintiff in this suit? A. $473.50 with interest." No objection whatever was made to the question or to the answer, and there is no evidence contradicting this testimony in the record. We therefore see no real merit in the appeal.

The order is affirmed.